George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@freedomlegalteam.com
*Attorneys for Plaintiff Crystal Randolph*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Crystal Randolph,<br><br>                    Plaintiff,<br>v.<br><br>Equifax Information Services LLC; Trans Union LLC; Experian Information Solutions, Inc.; Innovis Data Solutions, Inc.; Clarity Services, Inc.; Backgroundchecks.com LLC; Oportun, Inc.; Upstart Holdings, Inc.; Upgrade, Inc.; Synchrony Financial and Foursight Capital, LLC,<br><br>                    Defendants. | Case No.: 2:24-cv-01780<br><br>**Complaint for Damages Pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq.**<br><br>**Jury Trial Demanded** |

1

## Introduction

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Crystal Randolph ("Plaintiff"), by counsel, brings this action to challenge the actions of Equifax Information Services LLC ("Equifax"); Trans Union LLC ("Trans Union"); Experian Information Solutions, Inc. ("Experian"); Innovis Data Solutions, Inc. ("Innovis"); Clarity Services, Inc. ("Clarity"); Backgroundchecks.com LLC ("BGC"); Oportun, Inc. ("Oportun"); Upstart Holdings, Inc. ("Upstart"); Upgrade, Inc. ("Upgrade"); Synchrony Financial ("Synchrony") and Foursight Capital, LLC ("Foursight") (jointly as

"Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

10. This action arises out of Defendants' violations of the FCRA.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## Parties

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendants are each a corporation doing business in the State of Nevada.

3

14. Oportun, Upstart, Upgrade, Synchrony and Foursight are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

15. Equifax, Trans Union, Experian, Innovis, Clarity and BGC regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. These entities are "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(f).

16. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## General Allegations
## Re: Bankruptcy Case No. 23-10734

17. On or about February 28, 2023, Plaintiff filed for bankruptcy in the United States bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. (the "bankruptcy").

18. The obligations to each creditor-furnisher herein (as applicable) were scheduled in the bankruptcy and each respective creditor, or its predecessor in interest, received notice of the bankruptcy.

19. None of the creditor-furnishers named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.

20. No creditor-furnisher named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while Plaintiff's bankruptcy was pending to pursue Plaintiff for any personal liability.

21. Further, while the automatic stay was in effect during the bankruptcy, it was illegal and inaccurate for any creditor-furnisher named herein to report any post-

bankruptcy derogatory collection information, pursuant to the Orders entered by the bankruptcy Court.

22. The accounts named herein (as applicable) were discharged through the bankruptcy on June 5, 2023.

23. However, Defendants either reported or caused to be reported inaccurate information as discussed below after Plaintiff's debts were discharged.

24. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

25. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

26. Courts rely on such guidance to determine furnisher liability. *See, e.g., In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

27. On information and belief, Defendants adopted and at all times relevant implemented the Metro 2 format.

28. On information and belief, each furnisher named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

29. Each furnisher named herein failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after Plaintiff filed bankruptcy as further set forth below.

30. In turn, each of the credit reporting agencies named herein, reported and re-

5

reported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

31. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

32. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

## Equifax, Oportun, Upstart, Upgrade, Synchrony and Foursight Misreported Consumer Information and Failed to Investigate Plaintiff's Dispute

33. In Plaintiff's consumer report from Equifax dated January 1, 2024, Equifax and Oportun inaccurately reported the status of account No. 9631 as closed 30-59 days past due. This is inaccurate, misleading, and derogatory because this account was included in Plaintiff's bankruptcy.

34. In addition, Equifax and Upstart inaccurately reported the status of account No. 46 as charged off. This is inaccurate, misleading, and derogatory because this account was included in Plaintiff's bankruptcy.

35. Similarly, Equifax and Upgrade inaccurately reported the status of account No. 8174 as charged off. This is inaccurate, misleading, and derogatory because this account was included in Plaintiff's bankruptcy.

36. Moreover, Equifax and Upgrade inaccurately reported the status of account No. 2327 as charged off. This is inaccurate, misleading, and derogatory because this account was included in Plaintiff's bankruptcy.

37. Further, Equifax and Synchrony inaccurately reported account No. 1498. This is inaccurate, misleading, and derogatory because it should not be reported on

Plaintiff's consumer file as it is more than 10 years since it has been closed.

38. Furthermore, Equifax and Foursight inaccurately reported the status of account No. 9698 as charged off. This is inaccurate, misleading, and derogatory because this account was included in Plaintiff's bankruptcy.

39. On or about February 15, 2024, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Equifax, in writing, of the inaccurate, misleading, and derogatory information.

40. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax, requesting the above inaccurate information be updated, modified, or corrected.

41. Equifax was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

42. Upon information and belief, Equifax timely notified Oportun, Upstart, Upgrade, Synchrony and Foursight regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

43. Upon information and belief, Equifax provided Oportun, Upstart, Upgrade, Synchrony and Foursight with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

44. Upon information and belief, Equifax provided all relevant information to Oportun, Upstart, Upgrade, Synchrony and Foursight regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

45. However, Plaintiff never received any notification from Equifax that Equifax, Oportun, Upstart, Upgrade, Synchrony and Foursight investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

46. A reasonable investigation by Equifax, Oportun, Upstart, Upgrade, Synchrony and Foursight would have determined that they were reporting the above disputed information inaccurately.

47. Equifax, Oportun, Upstart, Upgrade, Synchrony and Foursight failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by

and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

48. Upon information and belief, Oportun, Upstart, Upgrade, Synchrony and Foursight continued to report the inaccurate information.

49. In turn, Equifax re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

50. Equifax, Oportun, Upstart, Upgrade, Synchrony and Foursight upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

51. Due to Equifax's, Oportun's, Upstart's, Upgrade's, Synchrony's and Foursight's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

52. Equifax's, Oportun's, Upstart's, Upgrade's, Synchrony's and Foursight's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

53. Also as a result of Equifax's, Oportun's, Upstart's, Upgrade's, Synchrony's and Foursight's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

54. By inaccurately reporting consumer information after notice and confirmation of their errors, Equifax, Oportun, Upstart, Upgrade, Synchrony and Foursight failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

### Trans Union, Oportun and Upgrade Misreported Consumer Information and Failed to Investigate Plaintiff's Dispute

55. In Plaintiff's consumer report from Trans Union dated October 11, 2023, Trans Union inaccurately reported Plaintiff's personal information. Plaintiff's name was reported as Crystal Lyannan Randolph, Crystal Ranolph and Crystal L. Randolfh. This is inaccurate, misleading, and derogatory because these names do not pertain to Plaintiff.

56. In addition, Trans Union listed an address on Plaintiff's consumer report which does not pertain to Plaintiff. This is inaccurate, misleading, and derogatory because this address does not pertain to Plaintiff.

57. Further, Trans Union and Oportun inaccurately reported the status of account No. 5099*** as refinanced and closed. This is inaccurate, misleading, and derogatory because this account was discharged through Plaintiff's bankruptcy.

58. Furthermore, Trans Union and Upgrade inaccurately reported the date the account No. 1159*** closed as August 31, 2022. This is inaccurate, misleading, and derogatory because this account was closed on September 21, 2022.

59. On or about December 1, 2023, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Trans Union, in writing, of the inaccurate, misleading, and derogatory information.

60. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union, requesting the above inaccurate information be updated, modified, or corrected.

61. Trans Union was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

62. Upon information and belief, Trans Union timely notified Oportun and Upgrade regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

63. Upon information and belief, Trans Union provided Oportun and Upgrade with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

64. Upon information and belief, Trans Union provided all relevant information to

Oportun and Upgrade regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

65. On or around December 22, 2023, Plaintiff received notice that Trans Union, Oportun and Upgrade investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

66. A reasonable investigation by Trans Union, Oportun and Upgrade would have determined that they were reporting the above disputed information inaccurately.

67. Trans Union, Oportun and Upgrade failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

68. Upon information and belief, Oportun and Upgrade continued to report the inaccurate information.

69. In turn, Trans Union re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

70. Trans Union, Oportun and Upgrade, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

71. Due to Trans Union's, Oportun's and Upgrade's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

72. Trans Union's, Oportun's and Upgrade's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

73. Also as a result of Trans Union's, Oportun's and Upgrade's continued inaccurate,

misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

74. By inaccurately reporting consumer information after notice and confirmation of their errors, Trans Union, Oportun and Upgrade failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**Experian and Oportun Misreported Consumer Information and Failed to Investigate Plaintiff's Dispute**

75. In Plaintiff's consumer report from Experian dated October 11, 2023, Experian inaccurately reported Plaintiff's personal information. Plaintiff's name was reported as Randolph Crystal Lynnann, Crystal L Randolfh, Randolph Crystal, Crystal Lynn Randolph, Crsytal Randoloph, Cystal Rendolph and Crytsral L Randolph. This is inaccurate, misleading, and derogatory because these names do not pertain to Plaintiff.

76. In addition, Experian and Oportun inaccurately reported account No. 509*** as refinanced and closed. This is inaccurate, misleading, and derogatory because this account was discharged through Plaintiff's bankruptcy.

77. On December 15, 2023, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Experian, in writing, of the inaccurate, misleading, and derogatory information.

78. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian, requesting the above inaccurate information be updated, modified, or corrected.

79. Experian was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

80. Upon information and belief, Experian timely notified Oportun regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

11

81. Upon information and belief, Experian provided Oportun with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

82. Upon information and belief, Experian provided all relevant information to Oportun regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

83. However, Plaintiff never received any notification from Experian that Experian and Oportun investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

84. A reasonable investigation by Experian and Oportun would have determined that they were reporting the above disputed information inaccurately.

85. Experian and Oportun failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

86. Upon information and belief, Oportun continued to report the inaccurate information.

87. In turn, Experian re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

88. Experian and Oportun, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

89. Due to Experian's and Oportun's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

90. Experian's and Oportun's continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

91. Also as a result of Experian's and Oportun's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

92. By inaccurately reporting consumer information after notice and confirmation of their errors, Experian and Oportun failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

### Innovis Failed to Provide Consumer Information

93. On or around October 13, 2023, Plaintiff requested a consumer report from Innovis pursuant to 15 U.S.C. § 1681g.

94. Specifically, Plaintiff sent a letter, certified, return receipt, to Innovis, requesting a copy of Plaintiff's consumer report. Plaintiff's letter included Plaintiff's social security number, date of birth, a copy of Plaintiff's Nevada Driver License, and Plaintiff's current mailing address. The request included all of the information that Innovis needed to identify Plaintiff and comply with the FCRA.

95. However, Innovis never provided Plaintiff's consumer report to Plaintiff, as required under 15 U.S.C. § 1681g.

96. Plaintiff's continued efforts to obtain Plaintiff's consumer report, pursuant to 15 U.S.C. § 1681g, were fruitless.

97. Innovis' refusal to provide Plaintiff's consumer report and disclosures was knowing and willful because Innovis received Plaintiff's continued requests and all the information necessary to comply with 15 U.S.C. § 1681g, but Innovis refused to provide Plaintiff's consumer report. Plaintiff is, accordingly, eligible for statutory damages.

98. Also, as a result of Innovis' refusal to provide Plaintiff's consumer report, Plaintiff has suffered actual damages, including without limitation, fear of credit denials because of Plaintiff's inability to review consumer information, out-of-

pocket expenses for the time and mailing of multiple requests, and emotional distress. Moreover, because Innovis refused to provide Plaintiff's 1681g disclosures, Plaintiff was unable to adequately opt out of certain disclosures to other parties and ensure fair and accurate reporting of Plaintiff's credit information. Plaintiff suffered emotional distress and mental anguish as a result of Innovis' actions described herein. Plaintiff further suffered anger, anxiety, feelings of helplessness, humiliation, and embarrassment after repeatedly being denied the right to review Plaintiff's 1681g disclosures.

99. By refusing to provide Plaintiff's consumer report and disclosures, Innovis failed to take the appropriate measures as required under 15 U.S.C. § 1681g.

## Clarity Failed to Provide Consumer Information

100. On or around October 13, 2023, Plaintiff requested a consumer report from Clarity pursuant to 15 U.S.C. § 1681g.

101. Specifically, Plaintiff sent a letter, certified, return receipt, to Clarity, requesting a copy of Plaintiff's consumer report. Plaintiff's letter included Plaintiff's social security number, date of birth, a copy of Plaintiff's Nevada Driver License, and Plaintiff's current mailing address. The request included all of the information that Clarity needed to identify Plaintiff and comply with the FCRA.

102. However, Clarity never provided Plaintiff's consumer report to Plaintiff, as required under 15 U.S.C. § 1681g.

103. Plaintiff's continued efforts to obtain Plaintiff's consumer report, pursuant to 15 U.S.C. § 1681g, were fruitless.

104. Clarity's refusal to provide Plaintiff's consumer report and disclosures was knowing and willful because Clarity received Plaintiff's continued requests and all the information necessary to comply with 15 U.S.C. § 1681g, but Clarity refused to provide Plaintiff's consumer report. Plaintiff is, accordingly, eligible for statutory damages.

105. Also, as a result of Clarity's refusal to provide Plaintiff's consumer report, Plaintiff has suffered actual damages, including without limitation, fear of credit denials because of Plaintiff's inability to review consumer information, out-of-pocket expenses for the time and mailing of multiple requests, and emotional distress. Moreover, because Clarity refused to provide Plaintiff's 1681g disclosures, Plaintiff was unable to adequately opt out of certain disclosures to other parties and ensure fair and accurate reporting of Plaintiff's credit information. Plaintiff suffered emotional distress and mental anguish as a result of Clarity's actions described herein. Plaintiff further suffered anger, anxiety, feelings of helplessness, humiliation, and embarrassment after repeatedly being denied the right to review Plaintiff's 1681g disclosures.

106. By refusing to provide Plaintiff's consumer report and disclosures, Clarity failed to take the appropriate measures as required under 15 U.S.C. § 1681g.

### BGC Failed to Provide Consumer Information

107. On or around October 13, 2023, Plaintiff requested a consumer report from BGC pursuant to 15 U.S.C. § 1681g.

108. Specifically, Plaintiff sent a letter, certified, return receipt, to BGC, requesting a copy of Plaintiff's consumer report. Plaintiff's letter included Plaintiff's social security number, date of birth, a copy of Plaintiff's Nevada Driver License, and Plaintiff's current mailing address. The request included all of the information that BGC needed to identify Plaintiff and comply with the FCRA.

109. However, BGC never provided Plaintiff's consumer report to Plaintiff, as required under 15 U.S.C. § 1681g.

110. Plaintiff's continued efforts to obtain Plaintiff's consumer report, pursuant to 15 U.S.C. § 1681g, were fruitless.

111. BGC's refusal to provide Plaintiff's consumer report and disclosures was knowing and willful because BGC received Plaintiff's continued requests and all the information necessary to comply with 15 U.S.C. § 1681g, but BGC refused

15

to provide Plaintiff's consumer report. Plaintiff is, accordingly, eligible for statutory damages.

112. Also, as a result of BGC's refusal to provide Plaintiff's consumer report, Plaintiff has suffered actual damages, including without limitation, fear of credit denials because of Plaintiff's inability to review consumer information, out-of-pocket expenses for the time and mailing of multiple requests, and emotional distress. Moreover, because BGC refused to provide Plaintiff's 1681g disclosures, Plaintiff was unable to adequately opt out of certain disclosures to other parties and ensure fair and accurate reporting of Plaintiff's credit information. Plaintiff suffered emotional distress and mental anguish as a result of BGC's actions described herein. Plaintiff further suffered anger, anxiety, feelings of helplessness, humiliation, and embarrassment after repeatedly being denied the right to review Plaintiff's 1681g disclosures.

113. By refusing to provide Plaintiff's consumer report and disclosures, BGC failed to take the appropriate measures as required under 15 U.S.C. § 1681g.

### Plaintiff's damages

114. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

### Violations of the Fair Credit Reporting Act
### 15 U.S.C. § 1681

115. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

116. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et

seq.

117. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

118. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### Prayer for relief

119. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

///
///
///
///
///
///
///
///

## Jury Demand

120. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 23, 2024.

Respectfully submitted,

**FREEDOM LAW FIRM**

 /s/ *George Haines*
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 100
Las Vegas, Nevada 89123
*Counsel for Plaintiff*